# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. SERMENO,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY E. LEWIS, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01582 LJO-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Larry A. Sermeno ("Plaintiff") is a state prisoner proceeding *pro se* and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 20, 2016, is currently before the Court for screening.

**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic*

1

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Facility in Corcoran, CA.  In his initial Complaint, Plaintiff names four Kings County Superior Court employees as defendants including: (1) Jeffrey E Lewis, the Clerk of the Court; (2) Kings County Superior Court Clerk 1160; (3) Kings County Superior Court Clerk 1223; and (4) Kings County Superior Court Clerk 1136. Plaintiff alleges that between May 3, 2016 and June 17, 2016 Defendants refused and/or failed to file various (unidentified) documents.  Those documents were subsequently returned to Plaintiff without judicial review.  Plaintiff further alleges that Defendant Lewis failed to train his employees and implemented policies and practices that violated Plaintiff's constitutional rights.  According to Plaintiff, a policy that allows the superior court clerks to serve as "gatekeepers" to determine which documents are filed violates the First Amendment.

Overall, Plaintiff alleges that the collective failure to file his legal documents denied him his constitutional right of access to the Court.  Plaintiff further alleges that because the documents were never filed the documents were never reviewed by a judge, denying Plaintiff an opportunity for the

2

requested relief or a chance to appeal an adverse decision to the appellate court.  Plaintiff seeks declaratory and injunctive relief, and monetary damages.

**DISCUSSION**

    **1.**    **Access To Courts**

Inmates have a fundamental constitutional right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Id.*, at 354.  Further, in order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury.  *Id.* at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Id.* at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost, in order to give the defendant fair notice of his allegations. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (*quoting Lewis*, 518 U.S. at 353 & n.3).

Here, Plaintiff alleges that Defendants denied him access to the courts, preventing him from filing "documents that were intended for judicial review," in the Kings County Superior Court.  However, Plaintiff's complaint merely states that Defendants failed to file legal documents intended for judicial review.  The complaint does not establish the nature of those documents or demonstrate whether they were "direct criminal appeals, habeas petitions, or civil rights actions" if at all.  Nor does Plaintiff's complaint establish how the Defendants' actions rendered the state court remedies ineffective. Instead, the complaint merely makes conclusory statements outlining Defendants alleged culpable behavior, namely that Defendants failed to file documents which "resulted in the return of the documents to Plaintiff."  (Doc. 1 at 4). These allegations are not sufficient to state a claim.

If Plaintiff files an amended complaint, he is reminded that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* While factual allegations are accepted as true, legal conclusions are not. *Id.* Any amended complaint must meet this standard.

3

### 2. Quasi-Judicial Immunity

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Mullis v. U.S. Bankr. Ct. For the D. Of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979). Clerks qualify for quasi-judicial immunity unless they acted in the clear absence of jurisdiction. *Mullis*, 828 F.2d 1385. In *Mullis*, a debtor brought a civil rights action against bankruptcy court clerks. The debtor alleged that the bankruptcy court clerks accepted and filed his bankruptcy petition, but then refused to accept and file an amended petition in violation of his constitutional rights. The Ninth Circuit held that the court clerks' refusal to accept and file an amended petition was a basic and integral part of the judicial process, and as such, the clerks were entitled to quasi-judicial immunity from damages. *Id.*

Here, while Plaintiff claims that Defendants refused to file his documents, Plaintiff fails to explain the details surrounding the refusal. Nonetheless, the Defendants' decisions regarding whether to accept and file documents is a basic and integral part of the judicial process. Plaintiff's Complaint therefore makes no allegations that would suggest that the Defendants acted outside of their role as court clerks. They are therefore entitled to immunity from Plaintiff's claim for damages. *Mullis*, 828 F.2d at 1390; *see also Juarez v. Clerk*, U.S. Fed. Ct, No. C 08-5691 RMW (PR), 2009 WL 385796 at *1 (N.D. Cal. Feb. 13, 2009) (district court clerk was entitled to absolute quasi-judicial immunity for allegedly failing to send plaintiff court opinion denying his previously filed federal case); *White v. Dep't of Corrs.*, No. CIV F-01-1796 OWW DLB PC, 2008 WL 5246161 at *3 (E.D. Cal. Dec. 15, 2008) (California Supreme Court clerk is immune from damages for allegedly refusing to give plaintiff's court documents to magistrate judge); *Palacios v. Fresno County Super. Ct*., No. CIV F-08-0158 at *2-3 (E.D. Cal. Feb. 4, 2008) (Fresno County Superior Court clerks were entitled to absolute quasi-judicial immunity for allegedly providing plaintiff with misinformation).

///

///

**CONCLUSION AND ORDER**

Plaintiff's complaint fails to assert facts that state a cognizable claim for relief. As Plaintiff is proceeding *pro se*, he will be given an opportunity to amend his complaint to cure the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

3. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **January 10, 2017**          /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE

5