**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY A. SERMENO,<br><br>   Plaintiff,<br><br> v.<br><br>JEFFREY E. LEWIS, et al.,<br><br>   Defendants. | Case No.: 1:16-cv-01582 LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>FOURTEEN DAY DEADLINE |

   Plaintiff Larry A. Sermeno ("Plaintiff") is a state prisoner proceeding *pro se* and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's First Amended Complaint, filed on March 2, 2017, is currently before the Court for screening.

   **A. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

**B.     Plaintiff's Allegations in the First Amended Complaint**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, CA.  In his First Amended Complaint ("FAC"), Plaintiff names four Kings County Superior Court clerks as defendants including: (1) Jeffrey E Lewis, the Clerk of the Court; (2) Kings County Superior Court Clerk 1160; (3) Kings County Superior Court Clerk 1223; and (4) Kings County Superior Court Clerk 1136.

Specifically, Plaintiff alleges that on February 19, 2016, he was notified by his former facility that he was recommended for transfer to the "CSATF 'F' Facility."  In an effort to stop the transfer, on February 21, 2016, Plaintiff mailed a fee waiver, a civil rights complaint, and a request for a temporary restraining order to the Kings County Superior Court. Plaintiff alleged in that complaint

that a transfer to CSATF would expose him to a "heightened risk of contracting Valley Fever as an African-American." Accompanying Plaintiff's complaint was a fee waiver with a written declaration where Plaintiff explained that he was momentarily unable to obtain a "certified trust statement due to a procedural morass that he had to continuously go through with his correctional Counselor Shannon Dunaven and other staff at CTF to obtain a certified trust account statement." The attached declaration further requested that Defendants process his fee waiver, despite the missing trust account statement, "and in the interim, Plaintiff would attempt to have prison officials send a certified trust account statement immediately to the Clerk's office."

On February 29, 2016, Defendants declined to process Plaintiff's "fee-waiver," which Plaintiff alleges denied him access to the courts. Plaintiff further alleges that Defendant Jeffrey Lewis, the Clerk of the Court, failed to properly train his clerks and that he implemented an unconstitutional policy that violated Plaintiff's constitutional rights. Plaintiff additionally alleges that Defendants' conduct violated the Americans with Disabilities Act. In Plaintiff's view, Defendants' failure to file his fee waiver denied him, a disabled person, access "to the benefits of local and state programs." Plaintiff seeks monetary damages as well as declaratory and injunctive relief.

### C. Absolute Quasi-Judicial Immunity

The Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003). Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions. *Id.* at 896. The Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269 (1993) (*quoting Forrester v. White*, 484 U.S. 219, 229 (1988)). Accordingly, state actors are granted absolute immunity from damages liability in suits under

§ 1983 for actions taken while performing a duty functionally comparable to one for which officials were immune at common law. *Miller*, 335 F.3d at 897.

Here, the Defendants' collective action in refusing to file Plaintiff's fee waiver on the grounds that it did not comply with a particular local rule or procedure is functionally comparable to one for which officials were immune at common law—it is functionally comparable to a judge's determination whether a litigant has complied with local rules and procedures. Defendants are therefore entitled to absolute immunity from their enforcement of the court's local rules and procedures. *See id.*; *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (clerks of court had absolute quasi-judicial immunity from damages for civil rights violations when they performed tasks that were an integral part of the judicial process); *Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986) (clerk of court had absolute quasi-judicial immunity under FTCA where his acts were integral part of judicial process). Consequently, Plaintiff is not entitled to relief because Defendants are entitled to immunity for these acts performed as a necessary part of the judicial process. *See Burton v. Infinity Capital Management*, 753 F.3d 954, 959 (9th Cir. 2014) (Absolute immunity "is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions.").

Because Plaintiff's First Amended Complaint "seeks monetary relief from a defendant who is immune from such relief" it should be dismissed. 28 U.S.C. § 1915A(b).

### D. Leave to Amend

The Court has carefully considered whether further leave to amend should be granted. However, no amount of amendment would cure the deficiencies in this complaint. *See Sermeno v. Cahoon*, 2017 U.S. Dist. LEXIS 15792 (N.D. Cal. Feb. 3, 2017) (dismissing Plaintiff Larry Sermeno's initial complaint against state court clerks with prejudice for failure to state a claim); *Sermeno v. Taylor*, 2017 U.S. Dist. LEXIS 15796 (N.D. Cal. Feb. 3, 2017) (same); *See McCray v. Rodriguez*, 2006 U.S. Dist. LEXIS 63119, 2006 WL 2432834 (N.D. Cal. Aug. 17, 2006) (Plaintiff's initial complaint dismissed because superior court clerk's actions in returning various pleadings unfiled due

to Plaintiff failure to comply with local rules was entitled to absolute immunity). Accordingly, the Court will recommend that this case be dismissed without leave to amend for failure to state a claim on which relief can be granted.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's First Amended Complaint be DISMISSED; and
2. The Clerk of the Court be directed to close this matter.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 19, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE